CAUSE No. 12-08-08899-CR-(1)

48,208-0

LARAY MALONE JR. § COURT of CRIMINAL

VS §

THE STATE oF TEXAS § Appeals oF TEXAS

MOTION DENIED
DATE: 1-6-15
BY: P.C.

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 31 2014

Abel Acosta, Clerk

This document contains some
pages that are of poor quality
at the time of imaging.

## Motion For Leave To File Additional Motions

To the Honorable Judge of Said Court:

Come Now, LARAY MALONE JR., Dedefendant in the Abqued Style Motion For Leave To File Additional with this Cause, And in Support of this Motion will Show the Following:

1). Applicant Ask the Court of Criminal Appeals To Grant these Motions on The Behalf of Applicant.

2). Motion To Re-open Proceeding For Introduction of Newly Discovered Evidence.

3). Motion For Leave For Original Mandamus Proceeding.

4). Request For Appointment of Counsel Pursuant To Artile 64s Code Criminal Procedure And Memorandum For Argument To Support 64.01(c).

### PRAYER

Wherefore, Premises Considered, Applicant pray That this Honorable Court Grant this Motion For Leave, And Allow Him To Proceed With His Motion For Leave To File Additional Motions.

-1-

Respectfully Submitted

LaRay Malone Jr.,

## CERTIFICATE OF SERVICE

I, LARAY MALONE JR., HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING MOTION HAS BEEN SERVED BY U.S. MAIL POSTAGE PAID TO THE CLERK- Abel ACOSTA, ON THIS 17 DAY OF DEC 2014.

LARAY MALONE JR.,
PRO-SE #1815406
STILE UNIT
3060 FM 3514
BEAUMONT TX 77705

# NOTICE
## INMATE NOTARY PUBLIC SERVICE

UNDER BOTH FEDERAL LAW (28 U.S.C. § 1746) AND STATE LAW (V.T.C.A. CIVIL PRACTIVE & REMEDIES CODE; § 132.001 - 132.003), INMATE INCARCERATED IN TEXAS MAY USE AN UNSWORN DECLARATION UNDER PENALTY OF PERJURY IN PLACE OF A WRITTEN DECLARATION, VERIFICATION, CLARIFICATION, OATH, OR AFFIDAVIT SWORN BEFORE A NOTARY PUBLIC.

## UNSWORN DECLARATION

I, OFFENDER LARAY MALONE JR., TDCJ No. 1815406 AM PRESENTLY INCARCERATED AT THE MARK W. STILES UNIT OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN JEFFERSON COUNTY, TEXAS, DECLARE UNDER PENALTY THAT THE ABOVE IS TRUE AND CORRECT.

Signed on the 17 day of DEC, 2014.

LARAY MALONE JR.
PRINTED NAME:

_____
SIGNATURE

MAIN COPY FOR COURT

MOTION TO RE-OPEN

CAUSE No. 12-08-08899-CR-(1)

EX PARTE LARAY MALONE JR.            §    Court of Criminal Appeals
            VS.                      §        OF TEXAS
The STATE OF TEXAS                   §
                                     §
                                     §

## MOTION TO RE-OPEN PROCEEDING FOR INTRO-DUCTION OF Newly DiSCovered Evidence

TO THE HONORABLE JUdge OF SAid Court:

Come Now, LARAY MALONE JR., DEFENdANT iN the Above Style motion, Files this MOTION TO Re-open PROCEEDING FOR INTRODUCTION OF NEWly DiSCoVERed EVidence with this CAUSE, And IN SUPPORT OF This MOTION Will Show the Following:

## I.
## STATEMENT OF ARGUMENT

Ground #1:

APPlicANT ARgue THAT the TRIAL CoUNSEL FAILURE TO ARgue The FACTS TO APPlicANTS CASE Which Violated APPlicANTS due PROCESS by 14, AMENd-MENT, STATE And FEdERAL ConSTitUTIONA Rights by NOT INVESTIgATING the Medical Records OF The Victim OR Victims Which TRIAL CoUNSEl depRived APPlicANT A FAIR TRIAL.

-1-

Applicant argue these facts: (1) Trial counsel failure argue in trial the DNA or Hospital records of victim because there was "No" victim on the indictment which denied applicant of due process rights fairness of justice; (2) Trial counsel failure to argue, or file proper motions on trial court denied applicant a mixs jury; (3) Trial counsel failure argue, indictment is improper when indictment shows applicant committed a crime in 1996, when applicant been in prison since 1995 and applicant old TDCJ # 625389, And discharge date 2-37-2010; And (4) Trial counsel failure to cross-examine victim which denied applicant of fair trial.

## Ground #2:

Newly discovery: Trial court failure to allow applicant to have a mixs jury and applicant argue that trial court violated applicants due process 5.14. amendment, state and federal constitutional rights by denying applicant of due process rights of fairness of justice.

Applicant argue these facts: (1) Applicant argue that the out come would have been different if applicant would have had a mixs jury; (2) Applicant challenges this error.

## Ground #3

Newly discovery: Trial judge failure to act on both side of the table by allowing prosecutor to "Not" having a mixs jury and applicant argue that trial judge knew that applicant did not have a mixs jury because trial judge is master of he or she courtroom. Applicant argue that trial judge violated applicants due process 14. amendment, state and federal

AL Constitutional Rights by Denying Applicant Due Process Rights of Fairness and Justice.

Applicant Argue these Facts: (1) Trial Judge denied Applicant to have a Mixs Jury which Applicant is challenging; (2) Trial Judge evided by Trickery Applicant into Signing Some Papers to take a Program for 18 months which violated Applicants Due Process 14. Amendments; (3) Trial Judge failure to Act on Both side of Table; And (4) Applicant Challenges This Errors of Trial Judge.

See Chemical Delintino Co. v. Jackson, 193 F. 2d 123 (C.A. 5 (Tex). 1951) (A Motton to Re-open Proceeding for Introduction of Newly discouered Euidence must show that euidence was discouered since Trial must show Facts from which court may infer Reasonable diligence on part of movant; must show that euidence is not mezely cumulative or Impeaching; must show that such euidence will probable produce a different result. The Granting or Refusing of a Motton to Re-open Proceedings for Newly discouered euidence is a matter Resting within Sound discretion of the Trial court and will be Reviewed only for an Abuse of discretion.

See Kona Techology Corp. v. Southern Pacific Transp. Co., 225 F.3d 595 (C.A. 5 (Tex.) 2000) (Factors Trial court should consider in deciding whether to Re-open case are: (1) importance and probative value of Additional euidence; (2) Reasons for moving Party's failure to introduce euidence at Trial; And (3) Possibility of Prejudice to non-Moving Party.

See RULE 60: Relief From A Judgment or Order:

(C) Timing And Effect of The Motion.

(L) Timing. A Motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year the entry of the Judgment or order or the date of the Proceeding.

(d) Other Powers To Grant Relief. This Rule does not limit a Court's power to:

(L) Entertain an Independent Action to Relieve a Party From A Judgment, Order, or Proceeding; (2) Grant Relief under 28 U.S.C. § 1655 to a Defendant who was Not Personally Notified of The Action; or (3) Set Side A Judgment for Fraud on The Court.

Applicant Ask The Courts To Investigate This Case or Review it Carefully. Because Applicant Feel He Have been denied or His Due Process Rights of Fairness or Justice. See Armes V. Thompson, 122 S.W. 3d 79 (Tex. App. — Eastland 2006) (Minors May Not Sue or Be Sued but Must Appear in Court Through A Legal guardian, A Next Friend or guardian Ad litem).

Applicant Ask The Court of Appeals to Grant This Motion To Re-Open.

-4-

## PRAYER

Wherefor Premises Considered defendant PRAYS THAT UPON EXAMINATION OF THE FOREGOING MOTION TO RE-OPEN PROCEEDING FOR INTRODUCTION OF NEWLY DISCOVERED EVIDENCE And ASK THE COURT OF APPEALS TO GRANT THIS MOTION.

Respectfully Submitted

LaRay Malone Jr.

## CERTIFICATE OF SERVICE

I, LaRay Malone JR's, Hereby CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING MOTION HAS BEEN SERVED by U.S. MAIL POSTAGE PAID TO THE CLERK Abel Acosta, ON THIS ~~ ~~ day OF ~~DEC 4~~, 2014

LaRay Malone JR.,
STiles UNit
#1815406
3060 Fm 3514
BEAUMONT, TX 77705

-5-

## NOTICE

### INMATE NOTARY PUBLIC SERVICE

Under both Federal Law (28 U.S.C. § 1746) and State Law (V.T.C.A. Civil Practice & Remedies Code, & 132.001-132.003), inmate incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, clarification, oath, or affidavit sworn before a Notary Public. An example of an unsworn declaration is as follows:

### Unsworn Declaration

I, Offender _La Ray Malone Jr._____, TDCJ Number _1815406_____

am presently incarcerated at the **Mark W. Stiles Unit** of the Texas Department of Criminal Justice in **Jefferson County, Texas** declare under penalty of perjury that the above is true and correct.

Signed on the ~~19th~~ day of _DEC_, 20 _14_.

_LaRay Malone_
Printed Name

_La Ray Malone Jr._
Signature

MAIN COPY FOR
COURT OF APPEALS
DNA

CAUSE NO. 12-08-D8899-CR-(1)

| | |
|---|---|
| EX PARTE | COURT OF CRIMINAL |
| LARAY MALONE JR. | |
| VS. | APPEALS OF TEXAS |
| THE STATE OF TEXAS | |

## MOTION FOR LEAVE FOR ORIGINAL MAND- AMUS PROCEEDING

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, LARAY MALONE JR. APPLICANT IN THE ABOVE AND STYLED CAUSE, RESPECTFULLY PRESENT THIS MOTION FOR LEAVE FOR ORIGINAL MANDAMUS PROCEEDINGS AND WILL SHOW THE COURT THE FOLLOWING:

(1) APPLICANT REQUESTING TO THE COURTS FOR A DNA TESTING BECAUSE APPEAL OF ATTORNEY AND TRIAL COUNSEL FAILURE TO FILE PROPER MOTION OR MOTIONS ON APPLICANT BEHALF FOR DNA TESTING. APPEAL OF ATTORNEY AND TRIAL COUNSEL FAILURE TO DO A PRO- PER INVESTIGATION ON VICTIM MEDICAL RECORDS SINCE IT WAS (NOT) A VICTIM ON THE INDICT- MENT.

SEE, THOMAS NEWELL V. THOMAS R. CULVER, 105 S.W. 3d 641-42 (TEX. CRIM. APP. 2003) (THIS IS AN ORIGINAL MANDAMUS PROCEEDING. RELATOR, AN INMATE IN THE TEXAS DEPARTMENT OF CRIM- INAL JUSTICE- INSTITUTIONAL DIVISIONS

-1-

SEEK A WRIT OF MANDAMUS ORDERING RESPONDENT TO APPOINT AN ATTORNEY TO REPRESENT him IN HIS MOTION FOR DNA TESTING PURSUANT TO ARTICLE 64. 01 (C) OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, APPLICANT PRAY THAT THIS HONORABLE COURT GRANT THIS MOTION FOR LEAVE AND ALLOW Him TO HAVE APPOINT ATTORNEY.

RESPECTFULLY Submitted,

_LaRoy Malone Jr._

LARAY MALONE JR. PRO-SE

## CERTIFICATE OF SERVICE

I, LARAY MALONE JR, HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING MOTION HAS BEEN SERVED by U.S. MAIL POSTAGE PAID TO THE DISTRICT CLERK - BARBARA Adamick OF TRAVIS COUNTY TEXAS.

ON THIS 19 DAY OF DEC 2014.

_LaRoy Malone Jr._

LARAY MALONE JR.
#1815406
STILES UNIT
3060 FM 3514
BEAUMONT, TX
77705

## NOTICE

## INMATE NOTARY PUBLIC SERVICE

Under both Federal Law (28 U.S.C. § 1746) and State Law (V.T.C.A. Civil Practice & Remedies Code, & 132.001-132.003), inmate incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, clarification, oath, or affidavit sworn before a Notary Public. An example of an unsworn declaration is as follows:

### Unsworn Declaration

I, Offender _LaRay Malowe Jr.,_, TDCJ Number _1815406_ am presently incarcerated at the Mark W. Stiles Unit of the Texas Department of Criminal Justice in Jefferson County, Texas declare under penalty of perjury that the above is true and correct.

Signed on the _19_ day of _DEC_, 20 _14_.

_La Ray Malowe_
Printed Name

_LaRay Malowe Jr._
Signature

DATE: <u>12-17-14</u>

<u>TRAVIS, COUNTY, OF COURT OF APPEALS</u> ~~CLERK~~ <u>CLERK</u>
<u>COURT OF CRIMINAL APPEALS OF TEXAS P.O. BOX 12308</u>
<u>Capitol Station, Austion Texas 78711</u>

Re: <u>LARAY MALONE JR.</u>
CAUSE No. <u>12.08.08899-CR-(L)</u>
DEAR CLERK:

ENClosed please Find MOVANTS MOTION
FOR APPOINTMENT OF COUNSEL, ORDER AND AFFIDAVIT
OF Indigent IN THE Above ~~and~~ Styled And NAMbered
CAUSE, PLEASE FILE THIS, AND bRING it to bE ATTENTION
OF THE COURT YOUR ASSISTANCE IN THIS MATTER IS
GREATLY APPRECIATED.

SINCERELY,

~~Fredrick Bosser~~

<u>LARAY MALONE JR.</u>
MOVANT PRO-SE
TDCJ # <u>1885406</u>
Stiles unit
3060 FM 3514
BEAUMONT TX 77705

-1-

CAUSE NO. 12-08-08899-CR-(L)

LARAY MALONE JR.             §    COURT OF CRIMINAL
        V.S.                 §        OF APPEALS
The STATE OF TEXAS           §
                             §
                             §

REQUEST FOR APPOINTMENT OF COUNSEL
PURSUANT TO ARTICLE 64, Code CRIMINAL
PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:
    Come Now, LARAY MALONE JR, TDCJ No.
1815406, AND REQUESTS APPOINTMENT OF COUNSEL
TO ASSIST APPLICANT IN OBTAINING AN ORDER FOR
DNA TESTING FROM THE COURT PURSUANT TO ART-
ICLE 64.01(C), Code OF CRIMINAL PROCEDURE.
APPLICANT WISHES TO SUBMIT A MOTION PURSUANT
TO CHAPTER 64. REQUESTING DNA TESTING, AND APPLIC-
ANT IS INDIGENT. (AN AFFIDAVIT OF INDIGENCY IS
ATTACHED AND INCORPORATED HERETO AS EXHIBIT "1".

                    RESPECTFULLY Submitted,
                    LARAY MALONE JR,
                    APPLICANTs PRO-SE
                    TDCJ # 1815406
                    TEXAS DEPARTMENT OF CRIMINAL
                    JUSTICE INSTITUTIONAL DIVISION

-2-

Stiles Unit
3060 Fm 3514
Beaumont, Texas 77705


## PRAYER

Wherefor, Premises Considered defendant Prays that upon examination of the foregoing request for appointment of Counsel, Pursuant to Article 64.__ Code Criminal Procedure and ask the Courts to Grant this Motion.

Respectfully Submitted

*[signature]*


## CERTIFICATE OF SERVICE

I, Laray Malone Jr., Hereby Certify that a true and Correct Copy of the foregoing motion has been served by U.S. Mail Postage Paid to the District Clerk - Barbara Adamick, on this _____ 17 day of DEC, 2014.

Laray Malone Jr.
Stiles Unit
3060 Fm 3514
Beaumont, Texas 77705

# NOTICE

## INMATE NOTARY PUBLIC SERVICE

Under both Federal Law (28 U.S.C. § 1746) and State Law (V.T.C.A. Civil Practice & Remedies Code, & 132.001-132.003), inmate incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, clarification, oath, or affidavit sworn before a Notary Public. An example of an unsworn declaration is as follows:

### Unsworn Declaration

I, Offender _LaRay Malone JR_, TDCJ Number _1815406_ am presently incarcerated at the Mark W. Stiles Unit of the Texas Department of Criminal Justice in Jefferson County, Texas declare under penalty of perjury that the above is true and correct.

Signed on the _17_ day of _DEC._, 20 _14_.

_LaRay Malone JR_
Printed Name

_[signature]_
Signature

DATE: 12-17-14

MR. RANDY BATTEN
TEXAS DEPARTMENT OF PUBLIC SAFETY
CRIMINAL RECORDS DIVISION
5805 N. LAMAR, Bldg. G
AUSTIN, TX 78752

RE: NAME: LARAY MALONE JR. TDCJ# 1815406
COUNTY CAUSE NO. 12-08-08899-CR-(1)
DEAR MR. BATTEN,

By THIS LETTER I AM REQUESTING YOU SEND ME
A CERTIFIED COPY OF MY DPS ARREST REPORT / CR 43/
FINGERPRINT CARD / SELF-PROVING AFFIDAVIT. THE INFORMATION YOU REQUIRE IS:

OFFENDER: LARAY MALONE JR.
TDCJ#: 1815406
D.O.B: 2-22-72
SID NO: 0448661                    VIOLATING A COURT ORDER
OFFENDER CHARGED: ~~Violation~~ SEXUAL ASSAULT
OFFENSE DATE: 9-27-2012 OR 1996
COUNTY: MONTGOMERY

IF THERE ARE ANY QUESTION ABOUT THIS REQUEST, I
CAN BE REACH AT THE below ADDRESS. I APPRECIATE YOUR
ASSISTANCE WITH THIS MATTER.

SINCERELY,
LARAY MALONE JR.,
APPLICANT-PRO·SE
TDCJ# 1533349

-4-

TEXAS DEPARTMENT OF CRIMINAL JUSTICE-
INSTITUTIONAL DIVISION
STILES UNIT
3060 FM 3514
BEAUMONT TEXAS 77705

## DECLARATION OF INABILITY TO PAY COST

( The following Declaration is made pursuant to the Texas Rules of Civil Procedure and Title 6 Chapter 132 of the Civil Pratices And Remedies Codes.)

Now Respectfully Comes, LaRay Malone Jr, TDCJ #,1815406; And declares that I am Unable to pay the Court Cost in this Civil Action And Request leave of the Court to proceed in Forma Pauperis in this Accompanying Civil Action And Would Show the Court the Following:

(1) I Am Presently incarcerated in the Stile Unit of the Texas Department of Criminal Just-ice Where I Am Not permitted to earn or hand-le Money.

(2) I Have No Source of income or Spousal income.

(3) I Currently Have, $ 0 Credited to me in the Inmate Trust Fund.

(4) During my incarceration in the Texas Department of Criminal Justice I Have Received Approximately $ 0 per month as gifts from Relatives And Friends.

(5) I Neither Own Nor Have An the ~~interest~~ Interest in Any Realty, Stocks, bonds, or bank Accounts And I Receive No interest or dividend income from Any Source.

(6) I Have 0 dependents.

(7) I Have Total debts of Approximately $ 0.

(8) I owe $ 0 As Restitution.

(9) My Monthly Expendents Are Approximately $ 0.

I, LARAY MALONE JR., TDCJ # 1533349, being presently incarcerated in the STILES UNIT of the TEXAS DEPARTMENT OF CRIMINAL JUSTICE in JEFFERSON COUNTY, TEXAS, verify and declare under penalty of perjury that the foregoing statements are true and correct. Executed on this the 17 day of ~~December~~ DEC., 2014.

LaRay Malone
TDCJ# 1815406

-7-

CAUSE NO. 12·08·08899·CR·(1)

LARAY MALONE JR., § COURT OF CRIMINAL
V. § OF APPEALS
THE STATE OF TEXAS §

# ORDER APPOINTING ATTORNEY

CAME ON THIS DAY FOR CONSIDERATION, THE APPLIC-ANT'S REQUEST FOR APPOINTMENT OF COUNSEL TO ASSIST HIM IN OBTAINING DNA TESTING PURSUANT TO ARTICLE 64.01 (C), CODE OF CRIMINAL PROCEDURE. THE COURT HAS REVIEWED THE REQUEST AND AFFIDAVIT OF INDIGENT IN THIS MATTER, AND IT IS HEREBY. ORDERED THAT AN ATTORNEY SHALL BE APPOINTED TO REPRESENT APPLICANT PURSUANT TO ARTICLE 64.01 (C), C.C.P. ACCORDINGLY, THE FOLLOWING ATTORNEY IS HEREBY APPOINTED AND INSTRUCTED TO CONTACT HIS/HER CLIENT REGARDING THIS MATTER

STILES UNIT 3060 FM 3514 BEAUMONT, TEXAS 77705.

IT IS FURTHER ORDER THAT A COPY OF THIS ORDER SHALL BE SENT TO THE APPLICANT IN THE CLERK OF THIS COURT.

_____
Judge Presiding

| | | |
|---|---|---|
| LARAY MALONE JR. | § | COURT OF CRIMINAL |
| VS. | § | |
| THE STATE OF TEXAS | § | APPEALS OF TEXAS |

## MEMORANDUM

### REQUEST FOR APPOINTMENT OF COUNSEL PURSUANT TO ARTICLE 64, CODE CRIMINAL PROCEDURE

## ARGUMENT OF FACTS

APPLICANT ARGUE THAT APPLICANT APPEAL COUNSEL, DID IN FACT ARGUE THAT THE INDICTMENT DID NOT HAVE A VICTIM NAME ON IT WHICH TRIAL COURT VIOLATED APPLICANTS DUE PROCESS 5, 14 AMENDMENT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS BY CONVICTING APPLICANT WITHOUT A VICTIM.

APPLICANT ARGUE THAT THE TRIAL COUNSEL OR APPEAL COUNSEL FAILURE TO REVIEW OR INVESTIGATE THE MEDICAL RECORDS OF VICTIM WHICH VIOLATED APPLICANTS DUE PROCESS 6, 14 AMENDMENT, STATE AND FEDERAL CONSTITUTIONAL RIGHTS BY DEPRIVING APPLICANT OF HIS DUE PROCESS RIGHTS OF FAIRNESS AND JUSTICE.

Applicant Argue these Facts: (1)Trial Counsel failure to file proper motions on Applicant behalf so Applicant could do a DNA testing to prove his innocence; (2) Trial Counsel, failure to consult experts on DNA ~~records~~ on the Victim; (3) Trial Counsel failure to investigate Victim Medical Records for DNA of Applicant's (4) Trial appeal attorney argue that it was not a victim on Indictment; but failure to investigate the Victim Medical Records and Failure to cross-examination Victim or expert about Applicant DNA; And (5) Applicant Argue and Challenges that if Trial Counsels would have ~~argue~~ Argue DNA at trial Applicant believe the outcome would have been different at trial. See HARRINGTON v. Richter, 131 S. Ct. 770 (U.S. 2011) (Respondent inmates was convicted of murder and other charges. A state petition for a writ of Habeas Corpus was denied in a one-sentence summary order. The U.S. Court of appeals for the Ninth Circuit granted Habeas relief following a rehearing en banc. It Held that the inmates trial counsel had been deficient for failing to consult experts on blood evidence in determining and pursuing a trial strategy.

Applicant Argue these two prong of STRICKLAND: (1) Trial Counsel and Appeal of Attorney failure to investigate Applicant case properly! Because if they would have they would have seen the Victim do not have any medical records. Applicant Argue that Appeal of Attorney did infact Argue to the Trial Court that it was not any Victim name on the Indictment; and (2) Applicant Argue that if Trial Counsel or Appeal of Attorney would have file a motion for Applicant to do a DNA testing Applicant

-2-

believe that the outcome would have been different at trial. Applicant argue that applicant been denied of his due process rights fairness and justice. See *Nix v. Whiteside*, 475 U.S. 157, 106 S. Ct. 988, 89 L. Ed. 2d 123 (1986). And *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), do not justify a departure from a straight forward application of *Strickland* when the ineffectiveness of counsel does deprive the defendant of a substantive or procedural right to which the law entitles him. In the instant case, it is undisputed that Williams had a right - indeed, a constitutionally protected right - to provide the jury with the mitigating evidence that his trial counsel either failed to discover or failed to offer.

See *Padilla v. McDaniel*, 122 S.W. 3d 805 (Tex. Crim. App. 2003) (A convicted person is entitled to counsel during a proceedings, under this chapter. If a convicted person informs the convicting court that the person wish to submit a motion under chapter, and the court determines the person is indigent, the court shall appoint counsel for the person. Id. Art. 64.01 (c). See *Thomas Neveu v. Thomas R. Culver*, 105 S.W. 3d at 643 (Tex. App. — El Paso 2002), (As stated above article 64.01 (c) entitles to counsel during a proceeding in which relator is moving for forensic DNA testing; if the convicting court determines that relator indigent, the court shall appoint counsel for "relator. The language of the satute is mandatory. Thus, if the convicting court determines that the relator is indigent, appointment of counsel is a purely ministerial act. Relator therefore has satisfied the first requirement for mandamus relief.

-3-

See · Skinner v. State, 122 S.W.3d 812 (Tex. Crim. App. 2003)( The standard required by this Court to grant testing under Chapter 64 is affirmative evidence of innocence). See Kutzner v. State, 75 S.W.3d 437, 438, 441, 442-43 (Tex. Crim. App.)( The resolution of Appellant's claims presented in Point of error two requires us to construe the Article 64.03 (A)(2)(A) phrase "A reasonable probability exists that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing." See Compare Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1524, 146 L.Ed.2d 389 (2000) ( prejudice prong of Constitutional ineffective Assistance of Counsel test is usually an outcome determinative test, which requires a defendant to show" that there is a Reasonable probability that 'but for Counsels unprofessional errors, the result of the proceeding would have been different).

Applicant Argue these two Prongs: (1) Applicant Argue that the Appeal of Attorney did Argue that X3 was no a victim name on the Indictment, but failure to Investigate the victim medical Records of the victim which violated Applicants 6, 14 Amendment and deprived Applicant of his Due Process Rights of Fairness and Justice; And (2) Applicant Argue that Appeal of Attorney failure to file motions on Applicant behalf to take a DNA Testing to show Applicant Innocence And Applicant believe if Appeal of Attorney would have file motion 64.01(C) for DNA Testing. Applicant believe the Result of the proceeding would have been different at Trial.

Applicant Challenges these Errors of Appeal of ~~Attorney~~ Attorney.

Applicant ask Courts ~~to grant~~ for Reversal..

-4-